UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY MERITHEW,

                      Plaintiff,

Civil Action No. 18-cv-11182
Honorable George Caram Steeh
Magistrate Judge David R. Grand

v.

NANCY A. BERRHILL,
*Acting Commissioner of Social Security*,

                      Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND [12] AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]

Plaintiff Mary Merithew ("Merithew") brings this action pursuant to 42 U.S.C. §405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). (Doc. #1). Both parties have filed summary judgment motions (Docs. #12, #17), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    RECOMMENDATION

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Merithew is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #17**) be **GRANTED**, Merithew's Motion for Summary Judgment (**Doc. #12**) be **DENIED,** and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

## II. REPORT

### A. Background

Merithew was 48 years old as of her amended alleged onset date, which was March 20, 2014. (Tr. 15, 37). Her highest level of education was tenth grade. (Tr. 36). She has limited work experience, mostly as a waitress. (Tr. 289). She currently lives with her mother, and she has several adult children and grandchildren who live nearby. (Tr. 37-38). Her oldest son, who lives next door, takes care of her financially. (*Id.*). Merithew filed for disability due to her anxiety, bipolar disorder, and panic disorder. (Tr. 47). She testified that she is not able to work because she "can't deal with people. I have no tolerance for people. I have panic and anxiety attacks being around other people. That's about it." (Tr. 37). She also testified that her "mom has to pretty much tell me every 15 to 20 minutes, okay, you was doing the dishes, now you need to do this. I have to have constant supervision in order to get it – 'cause I don't concentrate good, at all." (*Id.*). She testified that she leaves her house very seldom, only to see her grandkids, who live next door. (Tr. 38). Her neighbors—her son or daughter in law—provide moral support for her, make sure her medication is sufficient, and provide her transportation to the doctor's office. (Tr. 38-39). Merithew also testified to experiencing some erratic and manic behavior, which led to her being in jail previously, and which causes her to hear and see "angels." (Tr. 40-41).

Merithew's disability application was initially denied on August 15, 2014. (Tr. 56). A hearing was held on Merithew's disability application on January 31, 2017, before ALJ Manh Nguyen. (Tr. 34). During the hearing, Merithew testified, represented by counsel. While Vocational Expert ("VE") Kenneth Browde did not testify at the hearing, on March 20, 2017, he responded to interrogatories posed to him by the ALJ. (Tr. 220-23). The VE indicated Merithew had no past relevant work, and considering Merithew's RFC, age, and limited education, there

were unskilled occupations existing in the national economy that Merithew could perform, such as a kitchen helper, hospital cleaner, and housekeeper. (Tr. 222). On May 24, 2017, the ALJ found Merithew not disabled. (Tr. 24). Merithew then requested review of the ALJ's decision. (Tr. 1-8). The Appeals Council denied Merithew's request for review on February 27, 2018, and Merithew filed the instant suit thereafter. (Tr. 1, Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Merithew's medical records, Function and Disability Reports, and testimony as to her conditions and resulting limitations. Instead of summarizing the rest of the information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### A. The ALJ's Application of the Framework for Disability Determinations

Under the Act, SSI benefits are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled

> regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. §§ 404.1520, 416.920); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following the five-step sequential analysis, the ALJ found that Merithew is not disabled under the Act. At Step One, the ALJ found that Merithew has not engaged in substantial gainful activity since her amended alleged onset date, March 20, 2014. (Tr. 17). At Step Two, the ALJ found that Merithew had the following severe impairments: bipolar disorder, social anxiety disorder, personality disorder, post-traumatic stress disorder, and a learning disability. (Tr. 17). At Step Three, the ALJ found that Merithew did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18-19). But, at Step Three, the ALJ also found Merithew had moderate limitations in the following areas: understanding, remembering, or applying information; interacting with others; concentration, persistence, or pace; and adapting or managing oneself. (*Id.*). The ALJ then assessed Merithew's residual functional capacity ("RFC"), concluding that Merithew had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she "can understand, remember, and carry out simple

instructions. She cannot work at a production rate pace, such as assembly line work. She can deal with occasional changes in a routine work setting. She cannot deal with the general public, but can occasionally deal with supervisors and coworkers." (Tr. 19). At Step Four, the ALJ found Merithew had no past relevant work. (Tr. 22). At Step Five, considering Merithew's age, education, work experience and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Merithew can perform, such as kitchen helper, housecleaner, or hospital cleaner. (Tr. 23).

### B. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Robbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, *supra* at 247 ("It is of course for the ALJ, and not the

5

reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *Bass*, *supra* at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'").

### C. Analysis

In her summary judgment motion, Merithew argues that "[t]he ALJ failed to create an accurate [RFC], and therefore erroneously found work at Step Five[1]." (Doc. #12 at 8). Merithew

---

[1] Here, at Step Five, the ALJ found Merithew is capable of work, based on the VE's testimony that work, such as a kitchen helper, hospital cleaner, and housekeeper, would be available, given Merithew's RFC, age, experience, and education. (Tr. 23). Apart from her argument that the RFC is unsupported by substantial evidence, Merithew does not argue that any other portion of the ALJ's Step Five finding is unsupported by substantial evidence. As such, the Court addresses her

6

argues that the ALJ's RFC is unsupported by substantial evidence for two reasons: first, Merithew highlights several of her own subjective complaints, such as, she "cannot deal with people," suggesting the RFC does not fully accommodate her limitations; and second, Merithew argues the "ALJ violated SSR-96-8p by not considering the residual effects of the Plaintiff's bipolar disorder and PTSD on a regular and continuous basis." (Doc. #12 at 10). For the reasons discussed below, each of these arguments is underdeveloped, devoid of supporting authority, and fails to recognize the evidence relied upon by the ALJ, which provides substantial evidence to support his decision.

Preliminarily, as the claimant, it is Merithew's burden to prove her RFC by referencing record evidence. *See* 20 C.F.R. § 404.1512(a), 416.912(a); *Shields v. Comm'r of Soc. Sec.*, 732 F. App'x 430, 436 (6th Cir. 2018) ("During the first four steps—which include a determination of the claimant's RFC—the claimant bears the burden of proof."); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("[t]he claimant ... retains the burden of proving her lack of residual functional capacity")). Merithew fails to meet her burden here. To support her argument that the RFC is unsupported by substantial evidence, Merithew primarily relies on her own subjective complaints[2]. This fails to show any error in the ALJ's decision for several reasons. First, as the Commissioner correctly points out, an ALJ "is not required to accept a claimant's subjective complaints." *Jones,* 336 F. 3d at 476. Here, the ALJ explained, "while the record clearly shows that [Merithew] has some work related limitations, it fails to establish that these limitations would preclude the ability to perform substantial gainful activity. There is no evidentiary basis to find

---

argument as only a challenge to the RFC finding.

[2] Merithew's arguments reference only her mental and psychological impairments, not any physical impairments. The ALJ did not find any severe physical impairments at Step Two, and the RFC permits Merithew to work at all exertional levels. (Tr. 17, 19). After reviewing the evidence, the Court finds no error in the ALJ's findings regarding Merithew's physical capabilities.

[Merithew's] symptoms, allegations of debilitating pain and subjective complaints warrant any additional limitations beyond these findings." (Tr. 22).

Second, although Merithew now claims that several of her subjective complaints undermine the ALJ's RFC, all of the evidence she references was, in fact, considered and weighed by the ALJ, suggesting no reversible error. For example, Merithew points to her testimony that "she cannot deal with people and that she suffers panic and anxiety attacks when she is around other people." (Doc. #12 at 10). But the ALJ properly considered this testimony, and similar evidence, to formulate the RFC: "[Merithew] alleges that she is unable to work due to anxiety, bipolar disorder, and panic disorder. She testified that she gets panic and anxiety attacks when around people." (Tr. 19). However, the ALJ also noted contradictory testimony and other evidence, such as, "[Merithew] lives with her mother and near her children and grandchildren"; "she shops, and visits with others without needing to be accompanied"; "Socially, while she reports that she does not like being around others much, the record shows that she gets along with her neighbors, has been with her boyfriend for 8 or 9 years, and has a very good relationship with her children. She reported that she is best friends with her sister and has good relationships with her siblings," and she is able "to interact with [] treatment providers." (Tr. 19, 21, 22). Merithew, however, asserts that the ALJ used "flawed reasoning," arguing, "[t]he ALJ reasoned that because [Merithew] can interact with treatment providers and family, she does not need a job that requires no to minimal contact with the public. This is flawed reasoning, dealing with family and treatment providers is not analogous to dealing with supervisors and coworkers or the public." (Doc. #12 at 11). But, Merithew ignores that the RFC explicitly restricts her from "deal[ing] with the general public." (Tr. 19). Moreover, Merithew's bare contention that she disagrees with the ALJ's reasoning, with no supporting authority or contradictory record evidence, is simply an invitation

8

for the Court to re-weigh the evidence in her favor – which the law does not permit. *See Williams v. Comm'r of Soc. Sec.*, 2018 WL 1322396, at *10 (E.D. Mich. Feb. 26, 2018) (an ALJ's decision cannot be reversed "merely because there exists some other evidence in the record that might support a different conclusion"); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").

Merithew also asserts "she needs constant supervision in order to perform tasks [and] gets distracted very easily." (Doc. #12 at 10). But this, too, was explicitly considered by the ALJ. (Tr. 19) ("[Merithew] testified that she needs to have constant reminders to do things and gets distracted easily."). Finally, Merithew contends that she "has also been incarcerated due to erratic and manic behavior," suggesting her limitations are greater than the ALJ found. (Doc. #12 at 10). However, the ALJ recognized Merithew's incarceration, but noted that this occurred after she had not taken her medication for several days, a finding that Merithew does not dispute. (Tr. 20). Again, it is not the Court's prerogative to re-weigh the record evidence. *See Williams*, 2018 WL 1322396, at *10; *Reynolds*, 424 F. App'x at 414. It is well established that a court cannot reverse an ALJ's decision simply because substantial evidence also exists to support the opposite conclusion. *See Cutlip*, 25 F.3d at 286; *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d at 406 (6th Cir. 2009) ("[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'").

Here, the Court finds the ALJ properly considered evidence of Merithew's impairments, and that the RFC limitations imposed by the ALJ are supported by substantial evidence. The ALJ acknowledged, "the record clearly shows [Merithew] has mental limitations due to bipolar

disorder, social anxiety disorder, personality disorder, post-traumatic stress disorder, and a learning disability." (Tr. 20). The ALJ also recognized that Merithew was treated for panic attacks and diagnosed with post-traumatic stress disorder in September 2014, but correctly notes, "[a]t that time, [Merithew] requested that she be put back on her old medications in addition to lithium." (*Id.*). After being put back on her medication, Merithew reported positive results, as the ALJ recognized: "When compliant with her medications, she reported that 'her medications are effective and working well.' In April 2015, she was doing well and her mental health contact frequency was decreased from a single visit per month to one visit every three months. This treatment frequency is essentially conservative in nature and appeared to indicated [sic] some degree of stability with medications." (*Id.*). The ALJ also noted "while there are mood fluctuations and anxiety noted, there are also times when [Merithew] is observed to have a normal mood and affect, and showing no anxiety". (Tr. 22; *see also* Tr. 243).

Merithew's second argument, that the ALJ "violated SSR 96-8p by not considering the residual effects of the Plaintiff's bipolar disorder and PTSD on a regular and continuing basis," similarly lacks merit. To start, the ALJ writes, "As required by SSR 96-8p, the residual functional capacity has been assessed based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all the claimant's medically determinable impairments. In making this assessment, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929." (Tr. 19). Merithew does not address this relevant portion of the ALJ's decision. Further, Merithew fails to provide any adequate detail, authority, or record evidence to support her argument, even as to what more she asserts that SSR 96-8p requires. Merithew simply concludes, "the ALJ failed to follow SSA

regulations. The ALJ did not consider [Merithew's] ability to deal with supervisors or coworkers on a regular or continuing basis as required by the regulations." (Doc. #12 at 11). As such, her argument is underdeveloped, and essentially waived. *See McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted).

Nonetheless, Merithew's argument also fails on the merits. The ALJ properly considered Merithew's impairments, including her bipolar disorder and PTSD. In fact, the ALJ found both Merithew's bipolar disorder and PTSD to be severe impairments at Step Two, and properly considered any "residual effects" in the RFC analysis. (Tr. 17, 19-21). The ALJ found "while there are mood fluctuations and anxiety noted, there are also times when [Merithew] is observed to have a normal mood and affect, and showing no anxiety. The consultative exam was generally unremarkable, her psychomotor tone is normal and insight/judgment is good. While [Merithew] has been prescribed and has taken appropriate medications for her mental problems, the medical records reveal that the medications have been relatively effective in controlling [Merithew's] symptoms. She openly reported that her medications were working." (Tr. 22; *see also* Tr. 243, noting Merithew's affect is appropriate, mood is normal, attitude is cooperative, guarded, and perceptual disorder is unremarkable, and Tr. 319, noting Merithew "feels the medications are working well for her.").

To form the RFC, the ALJ also considered each opinion of record – that of the DDS psychological consultant, Dr. Joe DeLoach and Ms. Cheryl Henry (Nurse Practitioner, Board Certified), as well as the third party function report prepared by Merithew's boyfriend, Larry

11

Hester. (Tr. 20-21). On August 14, 2014, Dr. DeLoach opined that Merithew's "understanding and memory are adequate for simple tasks. Concentration and persistence are moderately limited. Social functioning is moderately impaired and adaptation is sufficient for the competitive work environment. . . [] [Merithew] would likely need to work alone or in a job which requires no to minimal contact with the public. [Merithew] retains the capacity to perform simple tasks on a sustained basis." (Tr. 54). The ALJ gave most of Dr. DeLoach's opinions great weight, as they were consistent with the evidence. (Tr. 21). The ALJ gave the opinions of Larry Hester "some weight [] as they spoke to the nature and severity of [Merithew's] conditions." (*Id.*). Nurse Practitioner Henry submitted a "Physical Residual Functional Capacity Questionnaire" (Tr. 296), but the ALJ gave her opinions "little weight noting that the evidence shows that [Merithew's] symptoms were generally controlled when she uses her medications as prescribed and that she is generally noted to have only moderate difficulties with mental functioning." (Tr. 21). Merithew does not identify, nor does the Court find, that the ALJ failed to consider any specific evidence of record. Nor does Merithew identify any reversible error in how the ALJ considered and weighed the evidence to formulate the RFC. As such, and considering the above-referenced substantial evidence supporting the ALJ's decision, the Court finds no reversible error[3].

---

[3] The Court notes that the ALJ wrote, "[Merithew] testified that she has a driver's license", which appears to be erroneous, as she in fact testified that she does not have a driver's license. (*See* Tr. 20, 44; *see also* Tr. 156, 164). Merithew does not raise this issue. Nonetheless, the court finds this error to be harmless. "[A]n error is harmless only if remanding the matter to the agency 'would be an idle and useless formality' because 'there is [no] reason to believe that [it] might lead to a different result.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 520 (6th Cir. 2011) (quoting *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004)). The ALJ does not reference Merithew driving, or having a driver's license, again throughout the opinion, and it does not appear the ALJ relied on this mistaken fact to form the RFC, as the ALJ found Merithew had only psychological and social severe impairments, not any severe physical impairments. Therefore, there is no reason to believe that correction of the ALJ's statement about Merithew having a driver's license would lead to a different result, and the error is harmless.

For all of the above reasons, and upon an independent review of the entire record, Merithew has not shown that the ALJ erred in determining her RFC, and the Court concludes that the ALJ's decision is supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment **(Doc. #17)** be **GRANTED**, Merithew's Motion for Summary Judgment **(Doc. #12)** be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: April 11, 2019                                                 s/David R. Grand
Ann Arbor, Michigan                                           DAVID R. GRAND
                                                                                    United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2019.

                                     s/Eddrey O. Butts
                                     EDDREY O. BUTTS
                                     Case Manager